UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS DISTRICT COUNCIL ANNUITY TRUST, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:15-cv-00777-JAR |
| STEEL REBAR MANUFACTURING, LLC, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

This matter is before the Court on Plaintiffs' motion for summary judgment filed with the Court on February 8, 2016 (Doc. 18). Defendant Steel Rebar Manufacturing, LLC ("Steel Rebar") has notified the Court that it chose not to oppose the motion (Doc. 20). For the following reasons, the Court will grant the unopposed motion.

Plaintiffs filed this action on May 15, 2015, pursuant Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1002, 1132, and 1145 ("ERISA"). In their complaint, Plaintiffs alleged that Steel Rebar failed to file reports evidencing hours worked and failed to make the required contributions and dues remissions under the parties' collective bargaining agreement since September 2014 (Doc. 1). Steel Rebar filed an Answer (Doc. 12). Plaintiffs now move for summary judgment, seeking $102,979.17 in unpaid contributions, $10,297.93 in liquidated damages, $12,403.50 in interest, and $3,373.28 in attorneys' fees and costs (Doc. 18). In support of their motion, Plaintiffs have submitted an affidavit of Michael Evans, counsel for Plaintiffs; an affidavit of Joyce Larson, Plan Manager for

the Iron Workers St. Louis District Council Funds[1]; and an affidavit of Brad Soderstrom, the auditor who performed a payroll examination of Steel Rebar for period of February 26, 2014, through September 30, 2015 (Docs. 18.4-18.9).

As a result of Steel Rebar's failure to respond to Plaintiffs' summary judgment motion, it has not met the requirements of E.D. Mo. L.R. 7-4.01(E),[2] and is deemed to have admitted all facts in Plaintiffs' statement of uncontroverted facts. Turner v. Shinseki, No. 4:08-cv-1910, 2010 WL 2555114, at *2 (E.D. Mo. June 22, 2010). However, Steel Rebar's failure to properly respond to the motion for summary judgment does not mean that summary judgment should be automatically granted in favor of Plaintiffs. Even where a motion for summary judgment is unopposed, the district court must still determine that the moving party is entitled to judgment as a matter of law. Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 807 (8th Cir. 1993).

The Court may grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Peterson v. Kopp, 754 F.3d 594, 598 (8th Cir. 2014). In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the

---

[1] The Iron Workers District Council Annuity Trust, the Iron Workers St. Louis District Council Pension Fund, and the Iron Workers St. Louis District Council Welfare Plan.

[2] Local Rule 7-4.01(E) provides that "[a] memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine dispute exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."

nonmoving party, and must draw all reasonable inferences in the nonmoving party's favor. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

The following facts are undisputed. Steel Rebar is bound by a collective bargaining agreement with Iron Workers Local No. 396. The agreement requires Steel Rebar to submit contributions to the Funds and entitles the Funds to conduct an audit of an employer's records to determine if the required contributions have been made (Docs. 18.5; 18.6 at 17-20; 18.7). The agreement also requires employers to pay ten percent liquidated damages on delinquent contributions to the Funds, and requires delinquent employers to pay interest, attorneys' fees, and costs should the Funds file suit to recoup delinquent contributions (Doc. 18.6 at 25). An audit for the period of February 26, 2014, through September 30, 2015, revealed that Steel Rebar owes the Funds $102,979.17 in unpaid contributions, $10,297.93 in liquidated damages, and $12,403.50 in interest (Docs. 18.8-18.9). Plaintiffs have incurred attorneys' fees and other costs in this action totaling $3,373.28 (Docs. 18.4, 18.8). The total amount owed by Steel Rebar for the period of February 26, 2014, through September 30, 2015 is $129,053.88. Upon review of Plaintiffs' motion, the Court finds that Plaintiffs are entitled to judgment as a matter of law, and that their requested amounts are reasonable and properly supported by the record. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment (Doc. 18) is **GRANTED**. Plaintiffs are awarded $102,979.17 in delinquent contributions for the period of February 26, 2014, through September 30, 2015, $10,297.93 in liquidated damages, $12,403.50 in interest, and $3,373.28 in attorneys' fees and costs, for a total of $129,053.88.

Dated this 25th day of May, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**